IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLVANIA

SLANKING CANO AQUINO
145 NE 78th St. #311
Miami, FL 33138

Plaintiff

v.

JOHN DEAN
5818 W. North Ave., Apt 2
Chicago, IL 60639

EXTRA TRANS, INC.
15850 New Ave., Suite 115
Lemont, IL 60439

Defendants

No.

JURY TRIAL DEMANDED

## COMPLAINT

AND NOW COMES the Plaintiff, Slanking Cano Aquino, by and through his counsel,

Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named

Defendants, and in support thereof avers as follows:

## PARTIES

1.  The Plaintiff, Slanking Cano Aquino (hereinafter "Plaintiff") is an adult individual who

    resides at 145 NE 78 St. #311, Miami, FL 33138.

2.  The Defendant, John Dean (hereinafter "Defendant") is an adult individual who resides at

    5818 W. North Ave., Apt 2, Chicago, IL 60639.

3.  The Defendant, Extra Trans Inc. (hereinafter "ETI") is an Illinois Corporation with a

    registered address at 15850 New Ave., Lemont, IL 60439.

4.  At all relevant times, the Defendant was the agent, servant, workman and/or employee of

    ETI, and was operating a tractor trailer in the course and scope of his employment.

5.  This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1332 as the Plaintiff is a citizen of Florida and the Defendant is a citizen of Illinois, FTI's principal place of business is Illinois and the amount in controversy exceeds $150,000.

## FACTUAL BACKGROUND

6.  On December 23, 2024 at approximately 10:38 p.m., the Plaintiff was traveling north on I-81 in Franklin County.

7.  On the same date, place and time, upon information and belief, the Defendant was traveling north on I-81.

8.  Due to inattention, Defendant drove into the back of the Plaintiff's vehicle causing a collision.

9.  As a result of the impact, the Plaintiff suffered serious injuries to his back and knee.

10. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

### COUNT I
### NEGLIGENCE
### SLANKING CANO AQUINO v. JOHN DEAN

11. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

12. The negligence of the Defendant, individually and as the agent, servant, worker and/or employee of FTI, consisted of the following:

    a.  Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b.  Driving too fast for the conditions;

    c.  Failing to pay proper attention while operating his tractor trailer;

d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

e. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

f. Failing to remain alert; and

g. Failing to timely and properly apply his brakes.

13. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff suffered the following injuries:

a. Right knee injury; and

b. Lumbar herniation.

14. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

15. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

16. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

17. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

18. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

19. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

20. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

WHEREFORE, the Plaintiff, Slanking Cano Aquino, hereby seeks damages from the Defendant, John Dean, in an amount in excess of $150,000.00.

**COUNT II**
**NEGLIGENCE**
**<u>SLANKING CANO AQUINO v. EXTRA TRANS INC. as being vicariously liable for John Dean</u>**

21. The preceding paragraphs are incorporated herein by reference as though fully set forth.

22. The negligence of ETI, as being vicariously liable for the actions of John Dean, consisted of the following:

   a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

   b. Driving too fast for the conditions;

   c. Failing to pay proper attention while operating his tractor trailer;

   d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

   e. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

   f. Failing to remain alert;

   g. Failing to timely and properly apply his brakes.

23. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Slanking Cano Aquino, hereby seeks damages from the Defendant, Extra Trans Inc., as being vicariously liable for John Dean, in an amount in excess of $150,000.00.

### COUNT III
### NEGLIGENT HIRING / SUPERVISION / RETENTION
### SLANKING CANO AQUINO v. FREMONT TRANS INC.

24. The preceding paragraphs are incorporated herein by reference as though fully set forth.

25. ETI had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

26. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

27. The negligence of ETI, individually and through its various employees, servants, agents and/or workers including, but not limited to John Dean, consisted of the following:

    a.  Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

    b.  Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

    c.  Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations;

    d.  Hiring and/or continuing to employ the Defendant despite his previous driving record;

    e.  Failing to properly monitor the speeds of its drivers;

    f.  Failing to properly discipline drivers to curb the excessive speeding;

    g.  Failing to properly train drivers on the hours of service;

    h.  Failing to properly train drivers on how to correctly fill out logs;

    i.  Failing to monitor cell phone use of its drivers;

j.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the FMCSR as sworn to in their OP-1; and

k.  Failing to implement and/or enforce an effective safety system.

28. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Slanking Cano Aquino, hereby seeks damages from the Defendant, Extra Trans Inc. in an amount in excess of $150,000.00.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:  */s/ K. Clancy Boylan*
KEVIN CLANCY BOYLAN, ESQUIRE
Pa ID# 314117
Morgan & Morgan Philadelphia PLLC
2005 Market St., Ste. 350
Philadelphia, PA 19103
215-446-9795
cboylan@forthepeople.com
Attorney for the Plaintiff